NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARANJIT KAUR BOLA, | No. 09-71300 |
| Petitioner, | Agency No. A098-840-777 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Charanjit Kaur Bola, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission of the 2002 and 2003 police incidents from Bola's asylum application, and her submission of the Shiromani Akali Dal letter, which contradicted her statement that she was not a member of that party. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (discrepancies between testimony, declaration, and letter of membership supported adverse credibility determination); *Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported where incidents petitioner omitted from asylum application materially altered claim); *Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Bola's explanations do not compel a contrary result. *See Zamanov*, 649 F.3d at 974. Contrary to Bola's contentions, the IJ addressed her explanation for the omissions, and inquired whether she submitted the Shiromani Akali Dal letter in English

without understanding its contents.  In the absence of credible testimony, Bola's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Bola's CAT claim also fails because it is based on the same statements found not credible, and she points to no other evidence compelling the finding that it is more likely than not she will be tortured if returned to India. *See Shrestha*, 590 F.3d at 1049.

Finally, we deny Bola's renewed motion for a stay of removal.

**PETITION FOR REVIEW DENIED.**